IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-251-FL-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| WAYNE TYRONE EASON, | ) | |
| Defendant | ) | |

Petitioner filed a motion to vacate judgment on May 22, 2014, pertaining to a judgment entered April 9, 2009, as amended April 16, 2009, under which petitioner was sentenced to a total term of 120 months imprisonment.

Although petitioner states that he has filed his motion pursuant to Federal Rule of Criminal Procedure 52 and Federal Rule of Civil Procedure 60, he is in fact attacking the legality of his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); see also Diaz Hernandez v. United States, 5:03-CR-228-FL, 2006 WL 4291994 *1 (E.D.N.C. Apr. 19, 2006) aff'd, 204 F. App'x 221 (4th Cir. 2006) (noting that the court "notified petitioner of its intent to recharacterize his Rule 52(b) motion as an attempt to file a motion under § 2255"). The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. Vial, 115 F.3d at 1194. Petitioner cannot satisfy the second prong of the Jones test because he has not filed a § 2255 petition. Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

The court hereby provides petitioner with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize petitioner's motion as an attempt to file a motion under 28 U.S.C. § 2255. The court also notifies petitioner of the § 2255 restrictions on second or successive motions, the one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255(f).

In addition, in light of the statute of limitations bar to § 2255 motions, the court cautions petitioner that this court and the Fourth Circuit Court of Appeals previously have noted that the case upon which he relies for his claims, Alleyne v. United States, 133 S.Ct. 2151 (2013), is not retroactively applicable to cases on collateral review. See Perdono v. Taylor, 5:12-HC-2304-FL, 2014 WL 773555 n. 3 (E.D.N.C. Feb. 25, 2014); United States v. Stewart, 540 F. App'x 171 (4th Cir. 2013) ("Alleyne has not been made retroactively applicable to cases on collateral review."); Simpson v. United States, 721 F.3d 875, 876 (7th Cir.2013) ("Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000)[,] [and] Justices have decided that other *rules based on*

*Apprendi do not apply retroactively to cases on collateral review*.") (emphasis added). Thus, if recharacterized as a § 2255 motion, it may be subject to dismissal as untimely. See § 2255(f)(3) (stating, in pertinent part, that the one year period of limitation shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and *made retroactively applicable to cases on collateral review*") (emphasis added).

The court hereby permits petitioner to file a response to the court's proposed recharacterization within fourteen (14) days from the date of this order. The court advises petitioner that if, within the time set by the court, petitioner agrees to have the motion, and the supplement thereto, recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion and the supplement thereto as a motion under § 2255 and shall consider it filed as of the date the original motion was filed. If, however, petitioner responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion but will dismiss this action without prejudice.

If petitioner agrees to or acquiesces in the recharacterization, the court shall permit amendments to the motion to the extent permitted by law. See United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002) (noting that amendments to a § 2255 motion made after expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely), overruled on other grounds by, United States v. Blackstock, 513 F.3d 128, 132-133 (4th Cir. 2008). Petitioner is advised that the format of any § 2255 motion must comply with Rule 2, Federal Rules Governing § 2255 Proceedings, and Local Civil Rule 81.2 of this court. All filings, including § 2255 motions on the correct form, must be submitted to:

Clerk of Court
United States District Court, E.D.N.C.
Terry Sanford Federal Building
310 New Bern Avenue, Room 574
Raleigh, NC 27601
ATTN: Prisoner Litigation Division


SO ORDERED, this the 17th day of June, 2014.


_____
LOUISE W. FLANAGAN
United States District Judge

4