IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-00251-FL-3
No. 5:14-CV-00398

**Wayne Tyrone Eason**,

                Petitioner

v.

**United States of America**,

                Respondent.

**Memorandum & Recommendation**

      Petitioner Wayne Tyrone Eason, proceeding under 28 U.S.C. § 2255, seeks to vacate the 120 month sentence of imprisonment imposed in connection with his guilty plea to one count of conspiracy to commit robbery and aiding and abetting ("Count I") and one count of using and carrying a firearm during a federal crime of violence and aiding and abetting ("Count V"). ("Motion to Vacate") Eason argues that he is entitled to relief because the sentence imposed by the district court violates the reasoning of the Supreme Court's opinions in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and *Rosemond v. United States*, 134 S.Ct. 1240 (2014). He also claims that he received ineffective assistance of counsel because his attorney did not appeal his sentence and conviction and failed to properly advise him regarding the elements of Count V. The Government argues that Eason's claims are untimely, barred by the waiver provisions contained in his plea agreement, and that his claims lack merit.

      After reviewing the docket and the arguments of the parties, it appears that Eason is not entitled to the relief he seeks because his claims are untimely and because his *Alleyne* and *Rosemond* claims are barred by the wavier provision contained in his plea agreement. Additionally, his claims fail on the merits. *Alleyne* is not applicable to this case because it is not

retroactively applicable to cases on collateral review. *Rosemond* does not require the court revisit his sentence because there was substantial evidence in the record establishing that Eason had advanced knowledge that a co-defendant would use a firearm in the commission of the robbery. Eason is also unable to establish that his counsel's performance was constitutionally deficient because there is no evidence that he requested his counsel file a notice of appeal and his plea agreement spelled out the elements of the crimes to which he would plead guilty. Therefore, the undersigned recommends[1] that that the court deny Eason's Motion to Vacate (D.E. 95) and grant the Government's Motion to Dismiss (D.E. 101).

**I.     Background**

In November 2008, Eason pled guilty to one count of conspiracy to commit robbery and aiding and abetting and one count of using and carrying a firearm during a federal crime of violence and aiding and abetting. D.E. 41. Pursuant to the terms of a written plea agreement, the Government dismissed one other charge pending against Eason. *Id.* As a result of his guilty plea, the court entered a judgment on April 9, 2009, requiring him to serve a 120 month term of imprisonment, consisting of 36 month term of imprisonment for Count I and an 84 month term of imprisonment on Count V. D.E. 78. The court ordered that Eason serve these terms of imprisonment consecutively. *Id.* The court filed an amended judgment on April 16, 2009, for reasons that are unrelated to the matter presently before the court. D.E. 81. Eason did not appeal his conviction or sentence. On May 22, 2014, he filed his Motion to Vacate (D.E. 95) and the Government responded by filing a Motion to Dismiss (D.E. 101).

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

## II. Analysis

### A. Legal Standard

In order to prevail on his Motion to Vacate, Eason must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion." 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (*per curiam*).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a § 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to § 2255 motions. Rules Governing Section 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

The Supreme Court has explained that in order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a § 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Id.* at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

**B.      Timeliness**

The Government contends that Eason's motion should be dismissed because he filed it outside the one-year statute of limitations governing § 2255 claims. Ordinarily, a court will not address an affirmative defense such as the statute of limitations when resolving a Rule 12(b)(6) motion. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, it may do so if all of the facts necessary to rule on the affirmative defense "clearly appear on the face of the complaint." *Id.* In this case, the Motion to Vacate contains sufficient information to establish that Eason's did not file it in a timely manner.

Motions brought pursuant to 28 U.S.C. §2255 are subject to a one-year statute of limitations. The limitations period runs from the latest of four possible dates:

4

>    (1)   the date on which the judgment of conviction becomes final;
>
>    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because he did not file a direct appeal, Eason's judgment became final when his time to appeal expired on April 30, 2009. *See* Fed. R. Civ. P. 4(b); *Clay v. United States*, 537 U.S. 522, 524–25 (2003) (holding conviction becomes final after the time period to appeal or seek review has expired); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (stating that "since [petitioner] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue further direct appellate review"). Accordingly, to be considered timely, Eason's Motion to Vacate needed to be filed on or before April 30, 2010. However, he did not file his Motion to Vacate until May 22, 2014, which means that the statute of limitations bars his claim for relief.

Nonetheless, Eason argues that his Motion to Vacate is timely under § 2255(f)(3) which, as noted above, provides that a petition may be filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Eason maintains that he had until one year after the Supreme Court issued its opinions in *Alleyne* and *Rosemond*, to file his § 2255 Petition. However, neither

of these cases apply retroactively to cases on collateral review. *See Perdono v. Taylor*, No. 5:12–HC–2304–FL, 2014 WL 773555, at *2 n. 3 (E.D.N.C. Feb. 25, 2014); *Bey v. Hollenback*, No. 5:14-HC-2016-FL, 2015 WL 859575, at *3 (E.D.N.C. Feb. 27, 2015) (unpublished); Therefore, they do not trigger the limitations period described in § 2255(f)(3) and Eason's untimely § 2255 Petition should be dismissed.

Eason also argues that his Motion to Vacate is timely under § 2255(f)(4), which provides a petitioner with one year to file a petition from the "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." However, *Alleyne* is not a "fact" as that term is understood in § 2255(f)(4). *See, e.g.*, *Whiteside v. United States*, 775 F.3d 180, 183-84 (4th Cir. 2014) (en banc). Thus, Eason cannot rely upon *Alleyne* to trigger the one-year limitations period in § 2255(f)(4) that would result in his petition being filed in a timely basis. His petition is untimely and should be dismissed.

  **C. Collateral Attack Waiver in Plea Agreement**

The Government also contends that the waiver provision in Eason's plea agreement bars his § 2255 claims. A defendant may waive the right to collaterally attack his conviction and sentence, so long as the waiver is knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Typically, a petitioner will raise one of two arguments when confronted with the argument that his claims are barred by a waiver contained in a plea agreement: (1) the waiver was not entered into knowingly and voluntarily; or (2) the issues raised in the petition fall do not within the scope of the waiver. *Id.* at 220 & n.2. Resolving disputes over the validity and scope of a § 2255 waiver typically requires the court to examine the terms of the plea agreement between the parties and the nature of the claims advanced in support of the petitioner's claim for relief. The court will begin by determining whether Eason

6

knowingly and voluntarily waived his right to collaterally attack his sentence and, if that question is resolved against him, determine whether his claims are encompassed in the terms of the waiver.

It is indisputable that Eason's plea agreement, which he signed, contained a provision regarding waiver of his right to collaterally attack his sentence. D.E. 43 at 1-2. Specifically, Eason agreed to give up "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255…." *Id.* Only claims of "ineffective assistance of counsel or prosecutorial misconduct not known to" Eason at the time of his plea were spared from this blanket waiver. *Id.* Eason has not argued that his decision to enter into the plea agreement was not knowingly and voluntarily made. Therefore, the court will consider whether his *Alleyne* and *Rosemond* claims fall within the scope of his § 2255 waiver.

As Eason's *Alleyne* and *Rosemond* claims do not relate to ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his plea, they fall within the terms of the waive provision. Although these decisions were issued after Eason entered his guilty plea, a subsequent change in the law that is favorable to the petitioner does not render an otherwise valid plea agreement unenforceable. *United States v. Copeland*, 707 F.3d 522, 529 (4th Cir. 2013); *United States v. Archie*, 771 F.3d 217, 223 (4th Cir. 2014) (finding that an *Alleyne* clam is barred by a waiver in plea agreement); *Byers v. United States*, Nos. 3:1-cv-00118 & 3:01-cr-00002, 2015 WL 4643616, *2 (W.D.N.C. Aug. 4, 2015) (finding that a *Rosemond* claim is barred by a waiver in a plea agreement). Therefore, Eason's *Alleyne* and *Rosemond* claims are barred by the waiver provision contained in his plea agreement and these claims should be dismissed.

7

Case 5:08-cr-00251-FL   Document 109   Filed 11/10/15   Page 7 of 13

### D. Merits of *Alleyne* Claim

However, even if Eason's *Alleyne* claim was not procedurally barred, he would not be entitled to relief because *Alleyne* has not been made retroactively applicable to cases on collateral review. *See United States v. Surratt*, 797 F.3d 240, 249 (4th Cir. 2015) (citing *United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015) ("We reiterate that *Alleyne* does not apply retroactively. This decision accords with that of every circuit to have examined the issue, none of which has decided that *Alleyne* is retroactive."); *Hughes v. United States*, 770 F.3d 814, 817–19 (9th Cir. 2014); *In re Mazzio*, 756 F.3d 487, 489–91 (6th Cir. 2014); *United States v. Reyes*, 755 F.3d 210, 212–13 (3d Cir. 2014), *cert. denied*, 135 S.Ct. 695 (2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); *In re Moss*, No. 13–14570–D, 2013 WL 10252931, at *1–3 (11th Cir. Oct. 23, 2013) (per curiam); *United States v. Stewart*, 540 F. App'x. 171, 172 n. 1 (4th Cir. 2013) (per curiam); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013); *Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013). Therefore, Eason cannot rely on *Alleyne* to support his claim for relief and his argument on this point should be dismissed.

### E. Merits of *Rosemond* Claims

Eason also argues that he is actually innocent under *Rosemond*, because the Government failed to prove that he knew sufficiently in advance of the robbery that his confederate would use a gun during the robbery. The Government contends that the record establishes that Eason had the requisite knowledge sufficiently in advance of the robbery that he may be held responsible for aiding and abetting a crime of violence in violation of 18 U.S.C. § 924(c) and 2.

In *Rosemond*, the Supreme Court addressed the intent element of the offense of aiding and abetting a violation of § 924(c). The Supreme Court held that "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that

one of his confederates will carry a gun." *Id.* at 1249. The defendant must gain this knowledge sufficiently in advance of the crime occurring to provide him with an opportunity to opt out of engaging in criminal conduct. *Id.* at 1249–50. The advanced notice requirement establishes that the defendant's "intent to aid in an *armed* offense." *Id.* at 1249 (emphasis in original).

Here, Eason's advanced knowledge that his fellow defendants would utilize a firearm is demonstrated by statements contained in the Presentence Investigation Report ("PSR") (D.E. 67). The PSR states that on the date of the offense Eason and three other individuals met in a hotel room with Anthony Hinton. *Id.* ¶ 9. Hinton ordered Eason and the others to rob a Food Lion in Garner, North Carolina and assigned each individual a role in the robbery. Hinton then supplied a handgun to one of Eason's co-defendants. *Id.* Eason and his three cohorts then drove to the Food Lion and robbed it. *Id.* ¶ 10. While Eason objected to several paragraphs in the PSR, he did not raise an objection to the allegations contained in these paragraphs. Eason also provided a written statement in his presentence interview in which he acknowledged conspiring to commit a robbery and using a firearm during the offense. PSR at ¶ 14. A reasonable conclusion, therefore, is that Eason knew about the firearm prior to the robbery.

Moreover, Eason's involvement as a driver before and after the robbery satisfy *Rosemond's* advance knowledge requirements. "[I]f a defendant continues to participate in a crime after a gun was displayed or used by a confederate," knowledge that a confederate would use or carry a gun during the crime's commission may be inferred from the defendant's failure to object or withdraw. *Id.* at 1250 n.9. Eason was present in the hotel room when Hinton ordered them to rob the store and supplied the firearm to Elliott, he drove Elliott to the robbery scene, Elliott branded the weapon during the robbery, and the Eason picked Elliott up at the conclusion of the robbery. D.E. 60, ¶¶ 10, 11. These facts establish that the Eason continued to participate in

9

the crime after the firearm was brandished by co-defendant Elliott. Coupled with Eason's failure to object or withdraw, these facts are sufficient to establish an inference that the Eason knew his confederate would use or carry a gun during the robbery. A reasonable conclusion, therefore, is that Eason was aware of the firearm during his participation in the offense. Consequently, as the facts set forth in the PSR establish that knowledge of the use of the handgun was imputable to Eason, and he admitted all elements of a charge under 18 U.S.C.§ 924(c) in the Plea Agreement, his argument of factual innocence under *Rosemond* is without merit and should be dismissed.

F. **Ineffective assistance of counsel**

Eason's final argument is that his sentence was imposed in violation of the Constitution because his appointed counsel's performance was so inadequate that it violated his right to counsel under the Sixth Amendment to the Constitution. Eason asserts that his counsel violated his Sixth Amendment rights in two specific ways. First, he claims that his attorney did not pursue an appeal of his sentence – although he never claims to have instructed his attorney to do so. Second, he asserts that he was not properly advised of the elements of the § 924(c) offense prior to entering his guilty plea. The court will address each argument below.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the assistance of counsel for his defence." U.S. Const. amend VI. A defendant's right to assistance of counsel may be violated if his attorney fails to provide adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right applies at all stages of a criminal proceeding, including sentencing. *Mempa v. Rhay*, 389 U.S. 128, 134 (1967); *United States v. Burkley*, 511 F.2d 47, 51 (4th Cir. 1975).

In order to state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). First, a petitioner

10

must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. The reviewing court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance. *Id.* In the context of a guilty plea, a petitioner must demonstrate he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

1.  **Failure to File a Notice of Appeal**

The Fourth Circuit has stated that "counsel's failure to file a notice of appeal as directed constitutes per se ineffective assistance." *United States v. Diaz*, 547 F. App'x 303, 304 (2013) (per curiam) (citing *United States v. Peak*, 992 F.2d 39, 41–42 (4th Cir. 1993)). "[W]here [a] defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." *United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007) (quoting *Roe v. Flores–Ortega*, 528 U.S. 470, 483 (2000)). "Once [a defendant] unequivocally instructed his attorney to file a timely notice of appeal, his attorney was under an obligation to do so," and if not such appeal was filed, "his attorney acted in a professionally unreasonable manner." *Id.*

As noted above, although Eason contends that his attorney did not file an appeal, he does not allege that he ever instructed her to do so. Absent evidence that these allegations go beyond mere unsupported assertions, coupled with a waiver of appeal, the validity of which is unchallenged, and there being no allegation that Eason requested that counsel file a notice of

11

appeal on his behalf, this issue lacks merit and should be dismissed. *See United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (noting that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.") (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

### 2. Failure to Anticipate *Allenye* or *Rosemond*

Eason faults his attorney for failing to pursue the arguments that were ultimately adopted by the Supreme Court in *Alleyne* and *Rosemond*. However, counsel's failure to anticipate a change in the law does not constitute ineffective assistance of counsel. *See United States v. McNamara*, 74 F.3d 514, 516–17 (4th Cir. 1996). Therefore, this claim should be dismissed.

### 3. Improper Advice Regarding Elements of § 924(c) Offense

In the final paragraph of his Motion, Eason makes a fleeting assertion that his plea was "unintelligently given…." D.E. 95 at 21. He claims that he was not notified of the true nature of the §924(c) charges against him because he lacked advance knowledge that a firearm would be used in the offense, as required by *Rosemond*. D.E. 95 at 21. As noted above, Eason admitted to the elements of this offense in the Plea Agreement and the unobjected to portions of the PSR establishes that he had advanced knowledge that a co-defendant would use a firearm in the commission of the offense. Accordingly, this this claim is without merit and should be dismissed.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that the court deny Eason's motions to vacate, set aside or correct sentence (D.E. 95) and that the court grant the Government's motion to dismiss (D.E. 101).

The court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: November 10, 2015.

*Robert T. Numbers II*
------------------------------
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE